# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUHAYMIN SHABAZZ MUHAMMAD, a/k/a WILLIAM DELANE DAVIDSON, | : : : : | |
| Petitioner, | : : | |
| v. | : : | No.: 4:17-CV-1030 |
| WARDEN BALTAZAR., | : : | (Judge Brann) |
| Respondent. | : : | |

## MEMORANDUM OPINION

### OCTOBER 6, 2017

**I. BACKGROUND**

Muhaymin Shabazz Muhammad a/k/a William Delane Davidson (hereinafter Davidson), an inmate presently confined at the Canaan United States Penitentiary Waymart, Pennsylvania (USP-Canaan), filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's request to proceed *in forma pauperis* will be granted. Named as Respondent is Warden Baltazar of USP-Canaan.

Davidson states that he pled guilty to multiple charges, including first degree murder, rape, and manslaughter on June 7, 1984 in the Superior Court for the District of Columbia. As a result of his plea, Davidson was sentenced to a sixty-

five (65) year to life term of imprisonment. Her acknowledges that his conviction and sentence were affirmed on direct appeal.

Davidson's pending action claims he is entitled to federal habeas corpus relief under the grounds announced in *Johnson v. United States*, 576 U.S.___ , 135 S. Ct. 2551 (2015) ; *Welch v. United States,* __ U.S. ___, 136 S. Ct. 1257, 1262, (2016), and *Montgomery v. Louisiana,* __ U.S. ___, 136 S. Ct. 718 (2016).[1] Petitioner contends that his sentence was improperly enhanced in violation of *Johnson*. Davidson's petition includes a related claim that he was provided with ineffective assistance of counsel for not advising him which charges were non-violent felonies. [2]

## II. DISCUSSION

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A habeas corpus petition under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). Federal habeas corpus review may be employed by a prisoner

---

[1] Petitioner acknowledges that he previously raised a *Montgomery* claim via an unsuccessful motion with the D. C. Superior Court pursuant to D.C. Code. Ann. § 23-110. *See* Doc. 1, ¶ 11.

[2] Petitioner's motion to supplement (Doc. 6) is granted and his attached supplement has been considered.

to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Telford v. Hepting*, 980 F.2d 745, 748 (3d Cir. 1993). However, relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole,* 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt*, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Davidson is apparently arguing that he may bring his present claim via a federal habeas corpus petition. It would appear that it is his contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Canaan.

It is well settled that "federal courts lack jurisdiction to entertain the habeas corpus petition of a District of Columbia prisoner, absent a showing that the applicant's remedy pursuant to § 23-110 is 'inadequate or ineffective to test the legality of' the detention." *Austin v. Miner*, 235 Fed. Appx. 48, 50 (3d Cir. 2007). A determination as to whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas relief. *See id.*

For example, the § 23-110 remedy is not inadequate or ineffective simply because the applicant is prevented from using the remedy a second time to litigate or re-litigate because relief has been previously denied. *See Wilson v. Office of the Chairperson,* 892 F. Supp. 277, 280 (D.C. Cir. 1995). Moreover, to allow a petitioner to file a habeas petition merely because he already has sought relief under § 23-110 would obliterate congressional attempts to promote finality in criminal cases.

*Triestman v. United States*, 124 F.3d 361 (2nd Cir. 1997), and *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997) addressed what circumstances make a

post conviction remedy inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined *supra* at 4-5) placed upon post conviction remedies simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a federal habeas corpus petition. *Dorsainvil*, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." *Kennemore v. True*, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the *Triestman* and *Dorsainvil* courts held that the "inadequate and ineffective" requirement(thus allowing a petitioner to bring a § 2241 habeas corpus action) occurs where the denial of a habeas action would raise serious constitutional issues. *Triestman*, 124 F.3d at 377; *Dorsainvil*, 119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. *Triestman*, 124 F.3d at 366; *Dorsainvil*, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a D.C. conviction or sentence.

In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) sentence enhancement provision was unconstitutionally vague. *See United States v. Terry*, No. 14-cv-1006, 2015 WL

4255527 (W. D. Pa. July 14, 2015). *Welch* recognized that *Johnson* is a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction.

Here, Davidson challenges the validity of his District of Columbia sentence. Unlike *Dorsainvil*, Petitioner's present claim as stated does not establish that it is premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his conviction. Fundamental to *Dorsainvil* was the fact that the petitioner may actually be innocent of the crime charged. In the matter at bar, Davidson has failed to present any facts suggesting that he was not involved in the alleged underlying criminal activity. Nor has Davidson shown that he is unable to present his claims via a collateral proceeding in the District of Columbia.

Based upon Petitioner's representations, the sentencing court has not been afforded opportunity to address the validity of his pending *Johnson* based argument. This Court agrees with the approach taken by *Wood v. Maiorana*, 2015 WL 4663267 *4 (M.D. Pa. Aug. 6, 2015) (Caputo, J.) and *Ruiz v. Ebbert*, 2015 WL 5997105 (M.D. Pa. Oct. 14, 2015)(Conaboy, J.), which recognized that since § 2255 plainly provides an avenue for litigating the merits of a *Johnson* based sentencing claim, such an argument should be addressed by the court which is ultimately the most appropriate forum, that is to say, the sentencing court.

Pursuant then to the above discussion, a § 23-110 motion is the only vehicle available to Davidson. *See Austin*, 235 Fed. Appx. at 51 (there is no limitation to a prisoner bringing a second or successive § 23-110 motion). Based on the foregoing analysis, Petitioner may not assert his present claims in a § 2241 action before this Court. Accordingly, the petition will be dismissed without prejudice.[3]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[3] Petitioner is free to assert his pending claim via a § 23-110 action before the District of Columbia Superior Court.